Patrick M. Ryan (SBN 203215)
Krista M. Enns (SBN 206430)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
pryan@winston.com
kenns@winston.com

Attorneys for Defendant
CISCO SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| HARRY SCHIPPER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CISCO SYSTEMS, INC., JOHN T. CHAMBERS, FRANK CALDERONI, ROBERT LLOYD and PHIL SMITH,<br><br>Defendants. | **Case No. 4:11-cv-01568-SBA**<br><br>**DEFENDANT CISCO SYSTEMS, INC.'S BRIEF IN SUPPORT OF MOTIONS FOR ADMINISTRATIVE RELIEF BY MOVANTS JEAN MARIE CINOTTO AND MARILYN POULOS** |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11(b), Defendant Cisco Systems, Inc. ("Cisco") submits this brief in support of Movant Jean Marie Cinotto's Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12(b) (Docket Entry ("DE") 14), and Movant Marilyn Poulos's Administrative Motion to Consider Whether Cases Should be Related Pursuant to L.R. 3-12(b) (DE 15). Cisco agrees that *Cinotto v. Bartz, et al.*, Case No. 5:11-cv-01734-PSG ("*Cinotto*"), and *Poulos v. Chambers, et al.*, Case No. 5:11-cv-01923-PSG ("*Poulos*") are related to the above-captioned case. For the Court's convenience, the *Cinotto* complaint is attached as Exhibit A and the *Poulos* complaint is attached as Exhibit B to the Declaration of Patrick M. Ryan ("Ryan Decl.") submitted concurrently herewith.

Under Civil L.R. 3-12, "[a]n action is related to another when (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." As discussed below, *Cinotto* and *Poulos*, like *Schipper* are securities lawsuits. In both *Cinotto* and *Schipper*, the substantive allegations in both complaints are the same, the cases concern substantially the same parties, and the claims pled in *Schipper* are also pled in *Cinotto*. In both *Poulos* and *Schipper*, the substantive allegations are based on the same facts, the cases concern substantially the same parties, and the claims pled in *Schipper* are pled in *Poulos*. Given the close similarities between *Schipper* and *Cinotto* and between *Schipper* and *Poulos*, if they are litigated before different Judges, there likely will be a duplication of labor and expense. In addition, because of the close similarities, there is a distinct possibility that there could be conflicting rulings.

Indeed, the fact that *Cinotto* and *Poulos* should be related to the present case is highlighted by the fact that the plaintiffs in *Cinotto* and *Poulos* agree that those two cases should be consolidated, and a proposed stipulation to that effect was submitted to the Court in those cases. (Case No. 5:11-cv-01734-PSG, DE 6.) Moreover, plaintiffs in *Cinotto* and *Poulos* expressly acknowledged not only that the derivative litigation is related to the present case, but that close

-1-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

coordination between the derivative action and the present one is appropriate.  (*Id.*)  Also, plaintiffs proposed (and defendants agreed) that a consolidated amended derivative complaint should not be filed until after a consolidated class action complaint is filed in the present case.  Given the significant overlap, connections, interdependency, and need for common judicial case management between the actions, Cisco respectfully requests that the Court grant the Movants' motions.

**A.    *Schipper* and *Cinotto* Are Related Cases Because Their Substantive Allegations Are the Same,  They Concern Substantially the Same Parties, and The Claims Pled in *Schipper* Are Pled in *Cinotto*.**

Like the above-captioned action, *Cinotto* is a securities action brought "against certain officers and directors of Cisco" and alleges "wrongdoing that occurred between May 2010 and the present," including "violations of federal securities law."  (Ryan Decl. Ex. A. ¶ 1; DE 1.)  Both cases contend that Cisco's officers and directors caused the Company to issue a series of false and misleading statements.  (Ryan Decl. Ex. A ¶ 3 [claiming that, "beginning on May 12, 2010, Cisco's officers and directors caused the company to issue a series of false and misleading statements"]; DE 1 ¶¶ 25, 33 [claiming that beginning on May 12, 2010, Cisco issued press releases that "misrepresented and failed to disclose . . . adverse facts"].)  In addition, the two cases involve substantially the same parties.  (DE 1 ¶¶ 8–10; Ryan Decl. Ex. A ¶¶ 9, 14, 22, 23, 24.)

Further, each complaint has a section titled "Substantive Allegations" which are carbon copies of each other.  Indeed, twelve of the paragraphs are nearly verbatim.  They both allege, in identical language, that Cisco's officers and directors caused the Company to issue a series of false and misleading statements "that failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them:  that (a) Cisco was facing intense pricing pressure for its products from its more traditional competitors and emerging Chinese competitors; and (b) that in order to maintain market share and meet its previously announced growth rate targets in the face of intense competition, Cisco was forced to dramatically lower prices, which was having a materially adverse effect on the Company's margins . . . . "  (DE 1 ¶ 33, Ryan Decl. Ex. A ¶ 41.)  Each of the counts in *Schipper* is also a count in *Cinotto*.  (*Compare* DE 1 ¶¶ 49–53; *with* Ryan Decl. Ex. A

-2-

¶¶ 97–105 [violation of Section 10(b) of the Securities and Exchange Act and Rule 10b-5]; *compare* DE 1 ¶¶ 54–55; *with* Ryan Decl. Ex. A ¶¶ 106–09 [violation of Section 20(a) of the Act].) Therefore, *Schipper* and *Cinotto* "substantially the same parties, property, transaction or event." Given that *Schipper* and *Cinotto* concern substantially the same parties, concern the same public statements made during the same time period, and the counts in *Shipper* are also pled in *Cinotto*, if the cases are conducted before different Judges, it is highly likely there will be an unduly burdensome duplication of labor and expense and/or conflicting results. As such, *Cinotto* and the above-captioned case meet Civil L.R. 3-12's definition of related cases.

**B.     *Schipper* and *Poulos* Are Related Cases Because Their Substantive Allegations Are Based on the Same Facts, They Concern Substantially the Same Parties, and the Claims Pled in *Schipper* are Pled in *Poulos*.**

*Poulos* too is a securities lawsuit "against certain of [Cisco's] officers and directors" and alleges "violations of federal securities laws" that occurred "[f]rom May 12, 2010 to February 9, 2011." (Ryan Decl. Ex. B ¶¶ 1, 4.) Like the instant case, *Poulos* contends that "From May 12, 2010 to February 9, 2011, the Individual Defendants caused the Company to issue improper statements in its public filings, press releases, and conference calls . . . ." (Ryan Decl. Ex. B ¶ 4; *compare* DE 1 ¶¶ 1, 33.) *Poulos* also involves substantially the same parties. (DE 1 ¶¶ 8–11; Ryan Decl. Ex. B ¶¶ 12, 13, 16, 17.)

The substantive allegations in *Schipper* and *Poulos* are based on almost identical facts. The complaints in both allege that the named defendants caused Cisco to issue improper statements that failed to disclose that Cisco "was facing intense pricing pressure" and that the defendants "knew or recklessly disregarded the fact that the Company could not maintain its market share, nor meet its growth projections without implementing significant price-cutting measures, which would therein severely undercut its profit margins." (Ryan Decl. Ex. B ¶ 4; DE 1 ¶ 33.) Both highlight the same statements and both claim that such statements were improper. (*Compare* DE 1 ¶ 25; *with* Ryan Decl. Ex. B ¶ 48 [alleging statements made by Defendant John Chambers in the May 12, 2010 press release in *Shipper* are in *Poulos*]; *compare* DE 1 ¶ 27; *with* Ryan Decl. Ex. B ¶ 51 [alleging

-3-

statements by Defendant John Chambers in the August 11, 2010 press release, including "this was yet another very strong quarter with a number of record financial results for Cisco" and "the strength of our financial model and profit generation serves us well" are highlighted in both complaints]; *compare* DE 1 ¶ 31; *with* Ryan Decl. Ex. B ¶ 54 [alleging statements made by Defendants John Chambers and Frank Calderoni in the November 10, 2010 press releases that are highlighted in *Schipper* are in *Poulos*].) Each of the counts in *Schipper* is also a count in *Poulos*. (*Compare* DE 1 ¶¶ 49–53; *with* Ryan Decl. Ex. B ¶¶ 89–94 [violation of Section 10(b) of the Securities and Exchange Act and Rule 10b-5 Promulgated Thereunder]; *compare* DE 1 ¶¶ 54–55; *with* Ryan Decl. Ex. B ¶¶ 95–98 [violation of Section 20(a) of the Exchange Act].) Therefore, the actions concern "substantially the same parties, property, transaction or event."

## II. CONCLUSION

Given that *Schipper, Cinotto*, and *Poulos* involve substantially the same parties, concern the same public statements made during the same time period, and the counts in *Shipper* are pled in *Cinotto* and *Poulos*, if the cases are conducted before different Judges, it is highly likely there will be an unduly burdensome duplication of labor and expense and/or conflicting results. As such, *Cinotto* and *Poulos* and the above-captioned case meet Civil L.R. 3-12's definition of related cases and accordingly they should be ordered related.

Dated: April 28, 2011

Respectfully submitted,

WINSTON & STRAWN LLP

By    */s/ Patrick M. Ryan*
PATRICK M. RYAN
Attorneys for Defendant
CISCO SYSTEMS, INC.