```
 1 │ ROBBINS GELLER RUDMAN
   │   & DOWD LLP
 2 │ CHRISTOPHER P. SEEFER (201197)
   │ Post Montgomery Center
 3 │ One Montgomery Street, Suite 1800
   │ San Francisco, CA  94104
 4 │ Telephone: 415/288-4545
   │ 415/288-4534 (fax)
 5 │ chriss@rgrdlaw.com
   │         – and –
 6 │ DARREN J. ROBBINS (168593)
   │ TRICIA L. McCORMICK (199239)
 7 │ 655 West Broadway, Suite 1900
   │ San Diego, CA  92101
 8 │ Telephone: 619/231-1058
   │ 619/231-7423 (fax)
 9 │ darrenr@rgrdlaw.com
   │ triciam@rgrdlaw.com
10 │
   │ [Proposed] Lead Counsel for Plaintiffs
11 │
   │ [Additional counsel appear on signature page.]
12 │
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARRY SCHIPPER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., et al.,<br><br>Defendants. | No. 4:11-cv-01568-SBA<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND AND THE COUNCIL OF THE BOROUGH OF SOUTH TYNESIDE ACTING IN ITS CAPACITY AS THE ADMINISTERING AUTHORITY OF THE TYNE AND WEAR PENSION FUND FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:   Tuesday, September 20, 2011<br>TIME:   1:00 p.m.<br>CTRM:  1<br>JUDGE: Hon. Saundra Brown Armstrong |

627413_1

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Tuesday, September 20, 2011, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the Honorable Saundra Brown Armstrong, United States District Court for the Northern District of California, 1301 Clay Street, 4th Floor, Oakland, CA 94612, New England Teamsters & Trucking Industry Pension Fund ("New England") and The Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne and Wear Pension Fund ("Tyne and Wear") (collectively "Institutional Investor Movants") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Institutional Investor Movants as lead plaintiff;[1] and (3) approving the Institutional Investor Movants' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.[2] This Motion is made on the grounds that the Institutional Investor Movants are the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Institutional Investor Movants submit herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this Court are four securities class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock

---

[1] In the event the Court believes that the class is best served by the appointment of a sole lead plaintiff, the Institutional Investor Movants alternatively seek to be appointed individually as lead plaintiff.

[2] This Court's Standing Order for Civil Cases Instruction No. 5 requires "parties … to meet and confer before filing any motion with the Court." Because of the PSLRA's lead plaintiff procedure, the Institutional Investor Movants will not know which other class members, if any, may seek appointment as lead plaintiff until after the motions are filed on May 31, 2011. Consequently, the Institutional Investor Movants respectfully request that this requirement be waived.

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA - 1 -

of Cisco Systems, Inc. ("Cisco" or the "Company") between February 3, 2010 and February 9, 2011 (the "Class Period"):

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Schipper v. Cisco Sys., Inc., et al.* | 4:11-cv-01568-SBA | March 31, 2011 |
| *Cinotto v. Bartz, et al.* | 4:11-cv-01734-SBA | April 8, 2011 |
| *Ziolkowski v. Cisco Sys., Inc., et al.* | 4:11-cv-01782-SBA | April 12, 2011 |
| *Poulos v. Cisco Sys., Inc., et al.* | 4:11-cv-01923-SBA | April 20, 2011 |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the Court is to appoint as lead plaintiff the member or members of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, the Institutional Investor Movants should be appointed as lead plaintiff because they: (1) timely filed their motion for appointment as lead plaintiff; (2) have the largest financial interest in the outcome of this litigation of any person or group of persons of which they are aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

In addition, the Institutional Investor Movants' selection of Robbins Geller to serve as Lead Counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA   - 2 -

## II. SUMMARY OF THE ACTION[3]

Cisco designs, manufactures, and sells internet protocol based networking and other products related to the communications and information technology industry, and provides services related to their use worldwide. Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that: (a) Cisco was facing intense pricing pressure for its products from its more traditional competitors and emerging Chinese competitors; (b) in order to maintain market share and meet its previously announced growth rate targets in the face of the intense pricing pressure being exerted by the Company's competitors, Cisco was forced to dramatically lower prices, which was having a material adverse effect on the Company's margins; and (c) based on the foregoing, defendants lacked a reasonable basis for their positive statements about Cisco's growth rates, market share, orders, new product introductions and gross and operating margins.

On February 9, 2011, the Company issued a press release announcing its financial results for the 2011 fiscal second quarter, ended January 29, 2011, reporting net sales of $10.4 billion, net income on a Generally Accepted Accounting Principles ("GAAP") basis of $1.5 billion or $0.27 per share, and non-GAAP net income of $2.1 billion or $0.37 per share. Cisco's CEO, John Chambers, commented on the results, stating, in part, "[t]he quarter played out as we expected." Following the 2011 fiscal second quarter earnings announcement, defendants held a conference call with analysts and investors, noting that non-GAAP gross margins were 62.4%, down 1.9% quarter-over-quarter and 3.2% year-over-year. Product related non-GAAP gross margins for the second quarter were 61.1%, down 2.9% from the prior quarter. In response to the unexpected drop in Cisco's margins, shares of the Company's stock fell $3.12 per share, or more than 14%, to close at $18.92 per share, on extremely heavy trading volume.

---

[3] This factual summary is taken from the allegations in the Complaint for Violation of the Federal Securities Laws filed in *Schipper v. Cisco Systems, Inc., et al.,* 4:11-cv-01734-SBA, on March 31, 2011.

## III. ARGUMENT

### A. This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### B. The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA          - 4 -

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

The Institutional Investor Movants respectfully request that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

### C. The Institutional Investor Movants Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on March 31, 2011, on *Business Wire* in connection with the filing of the first-filed action. *See* McCormick Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Institutional Investor Movants meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Institutional Investor Movants' Motion Is Timely

The Institutional Investor Movants have timely filed this Motion within 60 days of the March 31, 2011 notice publication, and have also duly signed and filed their certifications evidencing, among other things, their willingness to serve as representative parties on behalf of the class. *See* McCormick Decl., Ex. A. Accordingly, the Institutional Investor Movants have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiff considered by the Court.

### 2. The Institutional Investor Movants Possess the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, the Institutional Investor Movants purchased 1,248,891 shares of Cisco during the Class Period, retained 933,791 shares at the end of the Class Period, and lost approximately $3,623,745. *See* McCormick Decl., Exs. A and B. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Institutional Investor Movants satisfy the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. The Institutional Investor Movants Meet Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA - 6 -

of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Institutional Investor Movants satisfy the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, the Institutional Investor Movants meet the typicality and adequacy requirements because, like all other members of the purported class, they purchased Cisco securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because the Institutional Investor Movants' claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, the Institutional Investor Movants are not subject to any unique defenses and there is no evidence of any conflicts between the Institutional Investor Movants and the other class members.

Finally, the Institutional Investor Movants have submitted herewith a Joint Declaration which demonstrates that they have met and conferred and are committed to representing the class

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA  - 7 -

vigorously to obtain the largest practicable recovery for the class. McCormick Decl., Ex. D. As described in the Joint Declaration, the Institutional Investor Movants knew they could have moved individually, but chose to move together after conferring with one another for the benefit of the class. *Id.* The Institutional Investor Movants therefore satisfy the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### D. This Court Should Approve the Institutional Investor Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Institutional Investor Movants have selected Robbins Geller as lead counsel for the class. Robbins Geller has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in numerous class actions. *See* McCormick Decl., Ex. E. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller as lead counsel. Because the Institutional Investor Movants have selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, the Institutional Investor Movants respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint the Institutional Investor Movants as Lead Plaintiff; and (3) approve the Institutional Investor Movants' selection of Lead Counsel for the class.

627413_1

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA - 8 -

| | | |
|---|---|---|
| 1 | DATED: May 31, 2011 | ROBBINS GELLER RUDMAN |
| 2 | |   & DOWD LLP<br>DARREN J. ROBBINS<br>TRICIA L. McCORMICK |

<pre>
                                          s/ TRICIA L. McCORMICK
                                            TRICIA L. McCORMICK

                                      655 West Broadway, Suite 1900
                                      San Diego, CA  92101
                                      Telephone:  619/231-1058
                                      619/231-7423 (fax)

                                      ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                      CHRISTOPHER P. SEEFER
                                      Post Montgomery Center
                                      One Montgomery Street, Suite 1800
                                      San Francisco, CA  94104
                                      Telephone:  415/288-4545
                                      415/288-4534 (fax)

                                      ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                      SAMUEL H. RUDMAN
                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)

                                      [Proposed] Lead Counsel for Plaintiffs
</pre>

NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS FOR CONSOLIDATION,
APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4:11-cv-01568-SBA      - 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 31, 2011.

    s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:triciam@rgrdlaw.com

627413_1

**Mailing Information for a Case 4:11-cv-01568-SBA**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frank James Johnson**
  frankj@johnsonbottini.com,brett@johnsonbottini.com,paralegal@johnsonbottini.com,frankb@johnsonbottini.com,keithc@johnsonbottini.com

- **Robert L. Michels**
  rmichels@winston.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Patrick Martin Ryan**
  pryan@winston.com,DocketSF@winston.com,tmontague@winston.com,mthomasian@winston.com,ndelich@winston.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Dan Keith Webb**
  dwebb@winston.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Ethan Richard York**
  eyork@winston.com,DocketSF@winston.com,ECF_CH@winston.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
J. Erik Connolly
Winston & Strawn LLP
35 West  Wacker Drive
Chicago, IL 60601-9703
```