UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re CISCO SYSTEMS INC. SECURITIES LITIGATION<br><br>This Document Relates To All Actions. | Case No: C 11-1568 SBA<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>Dkt. 89 |

This is a consolidated securities fraud class action under the Securities Exchange Act of 1934 brought against Cisco Systems, Inc., and two of its executives, John Chambers and Frank Calderoni. On April 5, 2013, the Court entered its Order granting Defendants' motion to dismiss the Consolidated Amended Complaint ("Amended Complaint") with leave to amend. Dkt. 88. Among other things, the Court found that the Amended Complaint failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b). The Court gave Plaintiffs twenty-one days (i.e., until April 26, 2013) to file a Second Amended Complaint.[1] Pursuant to Civil Local Rule 6-3, Plaintiffs have now filed an administrative motion requesting a thirty-day extension to file their amended pleading. Dkt. 89. Defendants have timely filed an opposition to the motion. Dkt. 90.

---

[1] The Order was filed on March 29, 2013, and entered into the civil docket on April 5, 2013. See In re Cisco Sys. Sec. Litig., No. C 11-1568 SBA, 2013 WL 1402788 (N.D. Cal. Mar. 29, 2013).

Civil Local Rule 6-3 requires that the movant establish, inter alia, "the reasons for the requested enlargement or shortening of time" as well as "the substantial harm or prejudice that would occur if the Court did not change the time[.]"  In effort to make such a showing, Plaintiffs present three reasons for the proposed extension which are discussed seriatim.

First, Plaintiffs contend that they need additional time to file a Second Amended Complaint "so that [they] may thoroughly review and digest" the Court's ruling, which "directs plaintiffs to plead scienter and falsity with the requisite particularity and consider eliminating repetitive allegations."  See Pls.' Mot. at 3, Dkt. 89.  The Court finds Plaintiffs' purported justification unpersuasive.  The Court ruling succinctly and systematically identifies the deficiencies in the pleadings, based on well settled Supreme Court and Ninth Circuit authority, as well as decisions by this Court, interpreting the PSLRA.[2]  As such, the Order should be easy to "digest" by any competent attorney who regularly practices in the area of securities litigation.

Second, Plaintiffs claim that they need additional time to "renew [their] prior investigation" in attempt to secure new evidence to support their showing of falsity and scienter.  See Mot. at 3.  In particular, Plaintiffs posit that given the amount of time that has elapsed since the filing of the Amended Complaint, "more former Cisco employees *may* now be willing to come forward with facts corroborating plaintiffs' allegations and other facts corroborating plaintiffs' allegations *may* have come to light."  Id. (emphasis added).  As an initial matter, Plaintiffs' apparent belief that an extension of time will yield more evidence to justify their claims is entirely unsupported and speculative.  Indeed, given that Plaintiffs already have had almost a year to investigate their claims, their assertion that

---

[2] Notably, the Court's 27-page Order is approximately one-fifth the length of the Amended Complaint and around the same length as the moving and opposition papers filed in connection with the motion to dismiss.

additional time will yield additional, probative information is, at best, wishful thinking.[3]  Perhaps more fundamentally, under Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs were required to have completed their investigation *before* filing suit, *not after*.  See Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (noting that under Rule 11, "[t]he attorney has a duty *prior to filing a complaint* . . . to conduct a reasonable factual investigation") (emphasis added).  If Plaintiffs lacked the requisite information to allege their claims in the manner required by the PSLRA and Rule 9(b) when they filed suit, they should not have sued Defendants in the first instance.

Third, Plaintiffs argue that they need additional time to prepare a Second Amended Complaint because "one of the two attorneys" assigned to the case is going on maternity leave (Maureen Mueller) and the other attorney (Chris Seefer) is occupied with other cases.  Mot. at 3.  Ms. Mueller and Mr. Seefer are with the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), which was appointed as lead counsel upon motion of Plaintiffs.  See Pls' Mot. for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel, Dkt. 37; Order ¶ 4, Dkt. 57.  The Firm Resume filed in support of that motion states that "Robbins Geller Rudman & Dowd LLP . . . is a 180-lawyer firm with offices in San Diego, San Francisco, New York, Boca Raton, Washington, D.C., Philadelphia and Atlanta[.]"  McCormick Decl. Ex. E at 1, Dkt. 38-5.  Thus, it is clear that Robbins Geller has an ample number of attorneys to assist Plaintiffs in meeting the deadline to file a Second Amended Complaint.  The Court also notes that in addition to Ms. Mueller and Mr. Seefer, at least two other attorneys from Robbins Geller have filed pleadings in this action.  In view of these resources, Plaintiffs' assertion regarding the difficulties arising from the unavailability of Ms. Mueller and Mr. Geller rings hollow.

---

[3] The Class Period originally ran from May 12, 2010 to February 9, 2011.  Compl. ¶ 1, Dkt. 1.  Fifty days elapsed from the end of the Class Period until Plaintiffs filed their Complaint on March 31, 2011.  Another 297 days elapsed from March 31, 2011 until Plaintiffs filed their Amended Complaint on December 2, 2011.  Dkt. 58.  Collectively, Plaintiffs had 346 days to investigate the factual bases of their claims and to prepare their Amended Complaint.

Finally, the Court finds that granting Plaintiffs' request would be prejudicial to Defendants. The purpose of the PSLRA is "to deter the filing of so-called strike suits—frivolous securities class actions that put defendants to the unappealing choice of settling claims, however meritless, or risking extravagant discovery and trial costs." Freeman Inv., L.P. v. Pacific Life Ins. Co., 704 F.3d 1110, 1114 (9th Cir. 2013). To that end, the PSLRA's heightened requirements serve "to weed out meritless lawsuits at the pleading stage." In re Immune Response Sec. Litig., 375 F. Supp. 2d 983, 1016 n.11 (S.D. Cal. 2005). Extending Plaintiffs' deadline to file a Second Amended Complaint so that they can "renew" their investigation contravenes the goals of the PSLRA, particularly in light of the ample amount of time Plaintiffs already have had to investigate their claims prior to filing their Amended Complaint.

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for an Extension of Time to File Second Amended Complaint is DENIED. This Order terminates Docket 89.

IT IS SO ORDERED.

Dated: April 16, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge